IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20295
_____

MAXXIM MEDICAL, INC.,

Plaintiff-Appellee,

versus

MARK MICHELSON,

Defendant-Appellant.

---------------------

Appeal from the United States District Court
for the Southern District of Texas
(99-CV-460)

---------------------
June 2, 1999

Before WIENER, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

Based on our review of the record on appeal and the applicable law as set forth in the appellate briefs, discussed by counsel during oral argument to the court, and independently determined by the court, we conclude that the district court erred as a matter of law in its determination that Defendant-Appellant Mark Michelson was subject in personam to the jurisdiction of the court. We therefore reverse the district court's jurisdictional ruling. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the absence of personal jurisdiction, the order of the court granting Maxxim's application for preliminary injunction prohibiting Michelson, for a period of one year, from working for a direct competitor of Maxxim in any of the product lines he was associated with at Maxxim during the preceding two years, is a nullity. We must, therefore, reverse the district court, vacate and dissolve its preliminary injunction, and remand this case to that court with instructions to dismiss Maxxim's action, without prejudice, for lack of personal jurisdiction.

REVERSED; Preliminary injunction VACATED and DISSOLVED; REMANDED with instructions.[1]

---

[1] Because time is of the essence, we issue this judgment without written reasons. We shall prepare and file an opinion with reasons as soon as practicable.